Filed 2/2/15  P. v. Whitehead CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JERRY RAY VON WHITEHEAD,<br><br>    Defendant and Appellant. | F068261<br><br>(Fresno Super. Ct. No. F13903356)<br><br>**OPINION** |

-ooOoo-

### <u>THE COURT</u>[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

J. Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Cornell, J. and Poochigian, J.

## INTRODUCTION

Appellant/defendant Jerry Ray Von Whitehead pleaded no contest to carjacking (Pen. Code, § 215, subd. (a))[1] and was sentenced to five years in prison. His appellate counsel has filed a brief which summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We will affirm.

## FACTS[2]

On the afternoon of March 25, 2013, Michael Servantes went to "Sierra's" house near First and McKinley in Fresno. He had arranged to receive a massage from her.[3] At Sierra's request, he brought soft drinks and fast food. Sierra invited Servantes into the bedroom, and they spent 45 minutes together. Sierra poured some vodka into the soft drink and gave it to Servantes. Servantes became lightheaded after he drank it and thought Sierra might have put something else in the soda besides vodka.

When Servantes and Sierra were in the bedroom, Sierra left twice and said she was going to check on something. When she returned the second time, Servantes heard banging on the front door. He looked through a window and saw some young men outside. Sierra went to the door, spoke to one of the men, and then rejoined Servantes in the bedroom. Servantes asked Sierra what was going on. Sierra said the man was her brother, and she had taken care of it.

About 10 minutes later, Servantes again heard someone banging on the front door. Sierra went to the door, and Servantes saw two young men. Servantes decided to leave.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] The parties stipulated to the preliminary hearing transcript as the factual basis for defendant's no contest plea.

[3] According to the probation report, Servantes was a retired police officer and hired Sierra to perform a sexual act. Servantes denied this at trial.

Servantes tried to get out of the house by climbing through the bedroom window, but another young man was standing there.

Servantes headed to the front door, walked onto the porch, and was surrounded by two young men. Servantes later identified defendant as one of these men. Sierra was talking to the two men. Servantes said he was leaving. Defendant pulled a semiautomatic pistol from his pants, raised it at Servantes, and ordered him to turn over his money. Sierra backed away, and the second man walked closer. Servantes tried to dissuade defendant from robbing him. Servantes said he did not have much money, that defendant was young, and it was not worth it.

Defendant lowered the gun, and his accomplice became upset and asked what he was doing. Defendant raised the gun and again pointed it at Servantes. Servantes tried to run away by jumping over a hedge. He tripped and fell, and defendant hit him on the head with the gun. Defendant and the second man were joined by two other men, and they repeatedly hit Servantes.

The assailants emptied Servantes's pockets and took his cell phone, wallet, and keys to Servantes's Infinity sedan, which was parked in front of Sierra's house. There was about $20 in his wallet. The men also took Servantes's fanny pack, which contained a handgun. Servantes testified that defendant ended up with the car keys. Defendant got into the driver's side of the car, another man joined him, and they drove away in Servantes's car.

Later that night, the police saw defendant driving Servantes's stolen car, and another man was with him. Defendant and his accomplice were taken into custody. Defendant had Servantes's car keys, and the car was recovered. Servantes identified defendant and his companion as the men who beat and robbed him, and defendant as the man with the gun.

**Procedural History**

Defendant was charged with carjacking; second degree robbery (§ 211); assault with a firearm (§ 245, subd. (a)(2)); and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)).  As to all counts, it was alleged defendant personally used a firearm (§ 12022.53, subd. (b), § 12022.5, subd. (a)).

On August 15, 2013, defendant pleaded no contest to carjacking.  The court dismissed the remaining charges and enhancements.

On September 23, 2013, the court denied defendant's request for probation or the lower term and sentenced him to the midterm of five years in prison.  The court ordered him to pay a $1,400 restitution fine (§ 1202.4, subd. (b)); an additional fine of $1,400, which it stayed (§ 1202.45), the criminal conviction assessment fee of $30 (Gov. Code, § 70373), and the court facilities assessment of $40 (§ 1465.8).  Defendant had a total of 209 credits based on 182 days of actual credits and 27 days of conduct credits.

On October 29, 2013, defendant filed a timely notice of appeal.  He did not request or obtain a certificate of probable cause.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court.  The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court.  By letter on January 16, 2014, we invited defendant to submit additional briefing.  To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

4.